**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cathleen Fleming, | Case No. |
| Plaintiff, | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| vs. | |
| Zwicker & Associates, P.C., | |
| Defendant. | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Cathleen Fleming ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Goodyear.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Zwicker & Associates, P.C. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt, Defendant placed repeated and continuous telephone calls to Plaintiff's cellular telephone prior to 8:00 A.M. and after 9:00 P.M. in Plaintiff's residential time zone, times Defendant knew, or should have known to be inconvenient for Plaintiff, including, but not limited to, the following dates and times:

October 18, 2010 at 7:35 a.m.; October 19, 2010 at 5:38 a.m.

October 20, 2010 at 7:06 a.m.; October 21, 2010 at 5:54 a.m.

October 23, 2010 at 5:09 a.m.; October 25, 2010 at 6:59 a.m.

October 26, 2010 at 5:26 a.m.; October 28, 2010 at 5:43 a.m.

October 29, 2010 at 5:42 a.m.; November 1, 2010 at 7:36 a.m.

November 2, 2010 at 5:24 a.m.; November 3, 2010 at 6:22 a.m.

November 10, 2010 at 7:35 a.m.; November 11, 2010 at 7:51 a.m.

November 15, 2010 at 6:20 a.m.; November 16, 2010 at 6:38 a.m.

November 17, 2010 at 6:40 a.m.; November 18, 2010 at 7:48 a.m.

November 20, 2010 at 6:53 a.m.; November 24, 2010 at 6:40 a.m.

December 11, 2010 at 6:08 a.m.; December 11, 2010 at 7:25 a.m.

December 18, 2010 at 6:14 a.m.; January 12, 2011 at 7:38 a.m.

January 13, 2011 at 6:37 a.m.; January 17, 2011 at 6:34 a.m.

January 18, 2011 at 7:32 a.m.; January 19, 2011 at 6:19 a.m.

January 20, 2011 at 6:20 a.m.; January 21, 2011 at 6:51 a.m.

January 22, 2011 at 6:33 a.m.; January 25, 2011 at 6:21 a.m.

January 26, 2011 at 6:17 a.m.; January 27, 2011 at 6:19 a.m.

January 28, 2011 at 6:35 a.m.; January 29, 2011 at 6:42 a.m.

January 31, 2011 at 6:26 a.m.; February 1, 2011 at 6:26 a.m.

February 2, 2011 at 6:13 a.m.; February 3, 2011 at 6:13 a.m.

February 4, 2011 at 6:30 a.m.; February 5, 2011 at 6:45 a.m.

February 7, 2011 at 6:53 a.m.; February 8, 2011 at 6:16 a.m.

February 9, 2011 at 6:11 a.m.; February 10, 2011 at 7:22 a.m.

February 11, 2011 at 6:28 a.m.; February 12, 2011 at 6:36 a.m.

February 14, 2011 at 6:15 a.m.; February 15, 2011 at 6:20 a.m.

February 16, 2011 at 6:09 a.m.; February 17, 2011 at 7:43 a.m.

February 18, 2011 at 6:44 a.m.; February 19, 2011 at 6:31 a.m.

(15 U.S.C. § 1692c(a)(1).

12.     Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

13.     Plaintiff repeats and re-alleges each and every allegation contained above.

14.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 11th day of November, 2011

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff